UNITED STATES DISTRICT COURT FOR THE
SOUTHERN DISTRICT OF FLORIDA
Miami Division

Case Number: 12-21303-CIV-MORENO

JAVIER MOREJON, PERRY F. PETERSON,
and GEORGE SHAWGER,

    Plaintiffs,

vs.

BISCAYNE NATIONAL UNDERWATER PARK, INC., AIRBOAT USA, INC., ECO TOURS USA, LLC, GARY A. MATTHEWS and ANDY A. MATTHEWS,

    Defendants.
_____/

## ORDER DISMISSING CASE WITHOUT PREJUDICE

The plaintiffs initially brought this action for unpaid minimum wages, overtime compensation and other relief under the Fair Labor Standards Act, as amended, 29 U.S.C. §201, *et seq.* ("FLSA") and Fla. Stat. § 448.110. The plaintiffs' most recent complaint alleges three counts: (1) recovery of minimum wages under the FLSA (Count I); (2) failure to pay overtime compensation under the FLSA (Count II), and (3) failure to pay minimum wages under Fla. Stat. § 448.110 (Count III). The instant motion to dismiss (D.E. No. 25) was filed after the plaintiffs filed their second amended complaint on September 17, 2012.

Outside of vague, conclusory allegations that the plaintiff employees performed undefined "work services" and "job functions" for the defendants "includ[ing], but [ ] not limited to, satisfying and completing the interstate services and tasks[,]" the plaintiffs have pleaded no facts to establish this Court's FLSA jurisdiction. D.E. No. 23 at 1-3. The burden of proof lies on employees to

establish that they were engaged in interstate commerce, or in the production of goods, and that such production was for interstate commerce. *Kitchings v. Florida United Methodist Children's Home, Inc.*, 393 F. Supp. 2d 1282, 1292 (M.D. Fla. 2005) (citing *D.A. Schulte, Inc., v. Gangi*, 328 U.S. 108, 121 (1946)). The plaintiffs do not contend that they were engaged in the production of goods for interstate commerce, only that they completed unnamed "interstate services and tasks." D.E. No. 23 at 3. In three separate complaints, plaintiffs have not stated what their alleged "work services" and "job functions" actually entailed. *Id.* at 1-3. Thus, plaintiff employees have failed to allege that they were actually involved in, or so closely related to, the movement of goods through interstate commerce as to be a part of it. *See McLeod v. Threlkeld*, 319 U.S. 491, 497 (1943). Accordingly, it is

**ADJUDGED** that this Cause is **DISMISSED** <u>without</u> prejudice. Fed. R. Civ. P. 12(b)(1). Further, all pending motions are DENIED as MOOT with leave to renew if appropriate.

DONE AND ORDERED in Chambers at Miami, Florida, this 28 day of January, 2013.

FEDERICO A. MORENO
CHIEF UNITED STATES DISTRICT JUDGE

Copies provided to:

Counsel of Record